1 | DAVID YEREMIAN, Bar No. 226337
ENOCH J. KIM, Bar No. 261146
2 | DAVID YEREMIAN & ASSOCIATES, INC.
535 N. Brand Boulevard, Suite 705
3 | Glendale, California 91203
Telephone:     (818) 230-8380
4 | Facsimile:      (818) 230-0308

5 | Attorneys for Plaintiff
BENNIE MERKLEY

6 |

7 | ANDREW C. MUZI, Bar No. 132282
MATTHEW R. SEIFEN, Bar No. 190692
JOYCE Y. YOUNG, Bar No. 277525
8 | MUZI & ASSOCIATES, APLC
111 Pacifica, Suite 220
9 | Irvine, California 93704
Telephone:     (559) 244-7500
10 | Facsimile:      (559) 244-7525

11 | Attorneys for Defendant/Counter-Claimant
C.L. KNOX, INC. dba ADVANCED
12 | INDUSRIAL SERVICES

13 | BRIAN T. McMILLAN, Bar No. 111890
ASHLEY M. HEGGI, Bar No. 253094
14 | IRENE V. FITZGERALD, Bar No. 266949
LITTLER MENDELSON, P.C.
15 | 5200 North Palm Avenue, Suite 302
Fresno, California 93704.2225
16 | Telephone:     (559) 244-7500
Facsimile:      (559) 244-7525

17 |

18 | Attorneys for Counter-Defendant
CONTINENTAL LABOR RESOURCES, INC.

19 |

UNITED STATES DISTRICT COURT

20 |

EASTERN DISTRICT OF CALIFORNIA

21 |

22 | BENNIE MERKLEY, an individual,        Case No.  1:14-cv-01867-DAD-JLT

23 |             Plaintiff,               **STIPULATION AND [~~PROPOSED~~]
                                          PROTECTIVE ORDER RE
24 | v.                                   CONFIDENTIAL DOCUMENTS**

25 | CONTINENTAL LABOR RESOURCES,
INC.; ADVANCED INDUSTRIAL              (Doc. 38)
26 | SERVICES, INC.; and DOES 1 through
50, inclusive,

27 |

28 |             Defendants.

STIPULATED PROTECTIVE ORDER
(NO. 1:14-CV-01867-DAD-JLT)

C.L. KNOX dba ADVANCED INDUSTRIAL SERVICES, a California corporation,

Counter-Claimant,

v.

CONTINENTAL LABOR RESOURCES, INC., a California Corporation; and ROES 1 through 10,

Counter-Defendants.

Plaintiff BENNIE MERKLEY, Defendant/Counter-Claimant C.L. KNOX, INC. DBA ADVANCED INDUSTRIAL SERVICES ("Defendant/Counter-Claimant" or "AIS"), and Counter-Defendant CONTINENTAL LABOR RESOURCES, INC. ("Counter-Defendant" or "CLR"), by and through their respective counsel, hereby stipulate and agree as follows:

**WHEREAS**, the parties to this proceeding anticipate that during the course of the above-captioned litigation they will produce or provide documents and information (including electronic data) that one or more parties contend contain trade secrets or other sensitive, private, personal, confidential, and/or proprietary information, including, but not limited to:

(a)     Defendant/Counter-Claimant and/or Counter-Defendant's business operations, including, but not limited to, information about Defendant/Counter-Claimant and/or Counter-Defendant's employment policies, practices, programs, methods, and/or procedures; personal employee information; financial data; business strategies; pricing, products, clients, and customers; internal correspondence regarding business operations; and other information and documentation that may provide insight into the day-to-day processes and procedures utilized by Defendant/Counter-Claimant and/or Counter-Defendant;

(b)     Plaintiff's or third-party private information, including employment, financial, personal, payroll, and medical information; and

(c)     Information relating to the confidential settlement between Plaintiff and Counter-Defendant arising out of the underlying action.

**WHEREAS,** the parties to this proceeding have a particularized need for a Court Order as to each category of information listed above in order to protect Defendant/Counter-Claimant and/or Counter-Defendant's confidential and proprietary business information, to protect private and confidential information – such as medical records, payroll records, employment files, etc. – of Plaintiff and third parties, including other AIS and/or CLR employees, and Plaintiff and Counter-Defendant's confidential settlement information;

**WHEREAS,** the parties to this proceeding also have a particularized need for a Court Order relating to other sensitive, private, confidential, and proprietary information because the parties expect that some or all of this information may be used in motion practice, including dispositive motion practice, and should be sealed prior to filing. A private agreement would not be sufficient to ensure that the sensitive, private, confidential, and proprietary information is protected from such disclosure; and

**WHEREAS**, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rules 140 and 141 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**THEREFORE**, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 141.1(b) and (c), governing the disclosure of documents and information containing "Confidential Information" on the terms set forth herein.

**IT IS HEREBY AGREED, STIPULATED, AND ORDERED THAT:**

1. **DEFINITIONS**

    1.1   <u>Challenging Party</u>:   A Party or Non-Party that challenges the designation of information or items under this Order.

/ / /

/ / /

STIPULATED PROTECTIVE ORDER
(NO. 1:14-CV-01867-DAD-JLT)

3.

1.2     "CONFIDENTIAL" Information or Items:   The Parties shall have the right to designate as "CONFIDENTIAL," and this Protective Order shall only apply to, any information or documents that constitute, relate to, or reflect:

(a)     Defendant's business operations, including, but not limited to, information about Defendant's employment policies, practices, programs, methods, and/or procedures; personal employee information; financial data; business strategies; pricing, products, clients, and customers; internal correspondence regarding business operations; and other information and documentation that may provide insight into the day-to-day processes and procedures utilized by Defendant;

(b)     Plaintiff's or third-party private information, including employment, financial, personal, payroll, and medical information; or

(c)     Information relating to the confidential settlement between Plaintiff and Counter-Defendant arising out of the underlying action.

1.3     Counsel (without qualifier):   Outside Counsel of Record and In-House or Corporate Counsel (as well as their support staff).

1.4     Designating Party:   A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.5     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.6     Expert:   A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its/her counsel to serve as an expert witness or as a consultant in this action.

1.7     House Counsel:   Attorneys who are employees of a party to this action.   House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.8     Non-Party:   Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

/ / /

STIPULATED PROTECTIVE ORDER
(NO. 1:14-CV-01867-DAD-JLT)

4.

1.9     <u>Outside Counsel of Record</u>:   Attorneys who are not employees of a party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that party.

1.10    <u>Party</u>:   Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.11    <u>Producing Party</u>:   A Party or Non-Party that produces Disclosure or Discovery Material in this action.

1.12    <u>Professional Vendors</u>:   Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.13    <u>Protected Material</u>:   Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

1.14    <u>Receiving Party</u>:   A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.      <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

/ / /

**3.**   **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims, counter-claims, and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4.**   **DESIGNATING PROTECTED MATERIAL**

4.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of Section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion

or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, hearing, or other proceeding, all protected testimony. In the alternative, within thirty days after receipt of the transcript the Designating Party shall designate by page and line those portions of the testimony that are deemed to actually include Protected Material.  The reporter shall be duly advised by the Designating Party to promptly conform copies in accordance with such designations by attaching a copy of requesting counsel's letter to the transcript and making it an official part thereof.  The portions so designated shall thereafter be treated as Protected Material as provided in this Order and shall be fully subject to the relevant provisions of this Order.  After the expiration of thirty days, all portions not so designated shall be free from the provisions of this Order, unless the parties agree to a longer period of time.

(c)   For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

/ / /

4.3     <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.   Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2     <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.   The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

5.3     <u>Judicial Intervention</u>.   Unless otherwise provided by an applicable order, if the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Rule 141.1 within 21 days of the initial notice of

challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**6.    ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      The court and its personnel;

(e)      Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)      During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court.** Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)      Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

/ / /

If the Designating Party timely seeks judicial relief, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8.**     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     Make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek judicial relief from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks judicial relief, the Receiving Party shall not produce any information in its possession or

control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**9.**    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.**    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**11.**    **MISCELLANEOUS**

11.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1  information or item on any ground. Similarly, no Party waives any right to object on any ground to

2  use in evidence of any of the material covered by this Protective Order.

3        11.3   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or

4  a court order secured after appropriate notice to all interested persons, a Party may not file in the

5  public record in this action any Protected Material. A Party that seeks to file under seal any Protected

6  Material must comply with Civil Local Rules 140 and 141.  Protected Material may only be filed

7  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

8  issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

9  Rules 140 and 141 is denied by the court, then the Receiving Party may file the information in the

10  public record unless otherwise instructed by the court.

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

STIPULATED PROTECTIVE ORDER
(NO. 1:14-CV-01867-DAD-JLT)                    13.

1    **12.     FINAL DISPOSITION**

2            Within 60 days after the final disposition of this action, as defined in Section 3, each

3    Receiving Party must return all Protected Material to the Producing Party or destroy such material

4    with written confirmation to the Producing Party.   As used in this subdivision, "all Protected

5    Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing

6    or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

7    retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

8    legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

9    product, and consultant and expert work product, even if such materials contain Protected Material.

10   Any such archival copies that contain or constitute Protected Material remain subject to this

11   Protective Order as set forth in Section 3 (DURATION).

12

13   Dated: April ___, 2016                    DAVID YEREMIAN & ASSOCIATES, INC.

14

15

16                                             By:_____
                                                    DAVID YEREMIAN
17                                                  ENOCH J. KIM
                                                    Attorneys for Plaintiff
18                                                  BENNIE MERKLEY

19

20   Dated: April ___, 2016                    MUZI & ASSOCIATES, APLC

21

22                                             By:_____
                                                    ANDREW C. MUZI
23                                                  MATTHEW R. SEIFEN
                                                    JOYCE Y. YOUNG
24                                                  Attorneys for Defendant/Counter-Claimant
                                                    C.L. KNOX, INC. dba ADVANCED
25                                                  INDUSTRIAL SERVICES

26

27

28

STIPULATED PROTECTIVE ORDER                    14.
(NO. 1:14-CV-01867-DAD-JLT)

1   Dated: May 23, 2016                    LITTLER MENDELSON, P.C.

2

3

4                                          By: _/s/ Irene V. Fitzgerald_____
                                               BRIAN T. McMILLAN
5                                              ASHLEY M. HEGGI
                                               IRENE V. FITZGERALD
6                                              Attorneys for Counter-Defendant
                                               CONTINENTAL LABOR RESOURCES,
7                                              INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**[~~PROPOSED~~] ORDER**

2          For good cause shown, it is hereby ORDERED that this STIPULATED PROTECTIVE

3    ORDER is entered in this case in accordance with the above stipulation of the Parties.

4

5    IT IS SO ORDERED.

6       Dated:   __**May 23, 2016**__                    _____**/s/ Jennifer L. Thurston**

7                                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

4

5

6

7

8

9

10

11

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Court on [date] in the case of *Bennie Merkley v. Continental Labor Resources, Inc.*, Case No. 1:14-cv-01867-DAD-JLT.  I agree to comply with and to be bound by the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner, any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

12

13

14

I further agree to submit to the jurisdiction of the Eastern District Court, County of Fresno, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action:

15

16

17

I hereby appoint [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

18

Date: _____

19

City and State where sworn and signed: _____

20

21

Printed name: _____
**[printed name]**

22

Signature: _____

23

24

25

26

27

28