# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE MERKLEY, )<br>           Plaintiff, )<br>     v. )<br>CONTINENTAL LABOR RESOURCES, )<br>INC, et al., )<br>           Defendants. )<br>_____ )<br>AND RELATED CROSS ACTION )<br>_____ ) | Case No.: 1:14-cv-018677 DAD JLT<br><br>ORDER GRANTING STIPULATION TO AMEND THE CASE SCHEDULE<br> (Doc. 41) |

Before the Court is the stipulation of counsel to amend the scheduling order. (Doc. 41) In the stipulation, the parties indicate they "have been in negotiations regarding a potential mediation." Id. at 2. Notably, they do not say they have mediation scheduled or that, indeed, that they have agreed to engage in mediation. Rather, it appears only that there is a possibility they may engage in mediation at some point in the future. They do not report on the extent of the discovery they have completed or that which needs to be completed. Nevertheless, because the stipulated amendment can be accommodated within the current case schedule, the Court will **GRANT** the request.

I.   **Background**

This case was filed in November 2014. (Doc. 1) For various reasons, most notably the failure of the plaintiff to serve the summonses and complaint and the reassignment of the matter to a different

1

judicial officer (Docs. 4, 13, 23, 24), the Court did not schedule the matter until nearly a year later. (Doc. 30)  The Court required that all discovery and non-dispositive motions would be completed by July 27, 2016.[1]  Id.

Counsel have not before sought to amend the case schedule.  However, now they request the Court to extend the discovery deadline and the non-dispositive motion deadline[2] to September 21, 2106 and October 21, 2016 respectively.  (Doc. 41 at 2)

**II.   Analysis**

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by a court, a scheduling order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case management."  Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Johnson, 975 F.2d at 610 (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)).  Good cause must be shown for modification of the scheduling order.  Fed. R. Civ. P. 16(b)(4).  The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted).  Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation."  Jackson v.

---

[1] The Court modified the case schedule, related to dispositive motions and the dates for the pretrial conference and trial, due to the matter being reassigned to new district judges twice more.  (Docs. 33, 35)

[2] This request is ambiguous.  The Court presumes it refers only to the non-dispositive motion hearing deadline because the current dispositive hearing deadline is October 7, 2016.  (Doc. 33)

Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).

As noted above, counsel have made no showing for the Court to conclude they have acted diligently in completing discovery.  To show diligence, in the Court's view, counsel were obligated to detail the discovery each side has completed and the discovery yet to complete.  They should have explained why they did not complete the needed discovery earlier or why they could not have done so.  Finally, they should have explained why they cannot complete the discovery within the deadline[3] set by the Court.  Thus, they have failed to make a sufficient showing to justify amendment of the case schedule. Johnson, 975 F.2d at 609.

On the other hand, they report they are discussing participating in mediation.  The Court applauds this effort but they are advised that the Court will not again amend the case schedule merely because they now wish—nearly two years after the filing of the action—to discuss resolution of the case.  Notably, counsel fail to provide any explanation why they did not attempt settlement earlier or schedule the mediation sooner.  Likewise, the stipulation does not contend that the deadlines set forth in the case schedule have become unworkable due to "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference" (Jackson, at 608). To the contrary, settlement is a circumstance that they should have anticipated from the onset of the case. Nevertheless, the Court **ORDERS**:

    1.    The stipulation to amend the case schedule (Doc. 41) is **GRANTED** as follows:

        a.    All discovery SHALL be completed no later than **September 21, 2016**;

        b.    Any non-dispositive motions SHALL be filed no later than **September 21, 2016** and heard no later than **October 21, 2016**.

///

///

///

///

///

---

[3] This deadline, notably, was proposed by counsel.  (Doc. 27 at 4) Thus, the Court is unclear why counsel suggested a deadline that was unworkable for them.

**The Court does not contemplate that any further requests to amend the case schedule will be entertained.**

IT IS SO ORDERED.

Dated:   **July 7, 2016**                              /s/ Jennifer L. Thurston
                                                       UNITED STATES MAGISTRATE JUDGE