1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| BENNIE MERKLEY, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>CONTINENTAL LABOR RESOURCES, INC.; C.L KNOX, INC. d/b/a ADVANCED INDUSTRIAL SERVICES, INC.; and DOES 1 through 50,<br><br>        Defendants.<br><br>C.L. KNOX, INC. d/b/a ADVANCED INSTRIAL SERVICES, INC.,<br><br>        Counter Claimant,<br><br>    v.<br><br>CONTINENTAL LABOR RESOURCES, INC.,<br><br>        Counter Defendant. | No. 1:14-cv-01867-DAD-JLT<br><br>ORDER DISMISSING WITH PREJUDICE CLAIMS AGAINST DEFENDANT C.L KNOX, INC. d/b/a ADVANCED INDUSTRIAL SERVICES<br><br>(Doc. No. 44) |
|---|---|

On October 24, 2016, plaintiff filed a notice of settlement with defendant C.L. Knox, Inc. d/b/a Advanced Industrial Services ("C.L. Knox") and a request for voluntary dismissal of defendant C.L. Knox from this action with prejudice. (Doc. No. 44.) Defendant C.L. Knox has

1

1    previously filed an answer in the action and counterclaim against defendant Continental Labor
2    Resources, Inc. (Doc. No. 6.) Accordingly, plaintiff may no longer voluntarily dismiss under
3    Federal Rule of Civil Procedure 41(a)(1), but must file a motion for voluntary dismissal under
4    Rule 41(a)(2). Unlike a Rule 41(a)(1) notice of dismissal, a Rule 41(a)(2) motion requires court
5    approval. *See* FED. R. CIV. P. 41(a); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir.
6    1997).

7    　　　A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a
8    defendant can show that it will suffer some plain legal prejudice as a result. *Waller v. Fin. Corp.*
9    *of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679
10   F.2d 143, 145–46 (9th Cir. 1982). "Legal prejudice" means "prejudice to some legal interest,
11   some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97
12   (9th Cir. 1996). A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly
13   stated in that rule. However, a dismissal with prejudice so that claims cannot be reasserted in
14   another federal suit strengthens the conclusion that the dismissal causes no legal prejudice and is
15   not an abuse of discretion. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). In this
16   matter, defendant C.L. Knox will suffer no discernable legal prejudice, plaintiff represents that its
17   claims against C.L. Knox have been settled, and plaintiff furthermore requests that the dismissal
18   of those claims be with prejudice.

19   　　　The court therefore finds that dismissal of plaintiff's claims against defendant C.L. Knox
20   with prejudice is appropriate. Accordingly, plaintiff's claims against defendant C.L. Knox are
21   dismissed with prejudice and the Clerk of the Court is directed to terminate C.L. Knox's status as
22   a defendant in the action. This dismissal does not affect C.L. Knox's status as a counter claimant
23   against counter defendant Continental Labor Resources, Inc.

24   IT IS SO ORDERED.

25   　　Dated:   **October 25, 2016**　　　　　　　　　　/s/ Dale A. Drozd
26   　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
27
28