UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE MERKLEY, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CONTINENTAL LABOR RESOURCES, INC.; C.L KNOX, INC. d/b/a ADVANCED INDUSTRIAL SERVICES, INC.; and DOES 1 through 50,<br><br>　　　　　　Defendants.<br><br>─────────────────────<br><br>C.L. KNOX, INC. d/b/a ADVANCED INDUSTRIAL SERVICES, INC.,<br><br>　　　　　　Counter Claimant,<br><br>　　v.<br><br>CONTINENTAL LABOR RESOURCES, INC.,<br><br>　　　　　　Counter Defendant. | No. 1:14-cv-01867-DAD-JLT<br><br>ORDER DISMISSING WITH PREJUDICE DEFENDANT CONTINENTAL LABOR RESOURCES, INC. AND ORDER TO SHOW CAUSE<br><br>(Doc. No. 15) |

On May 21, 2015, plaintiff filed a notice of settlement and attempted to dismiss all claims brought in this action with prejudice as to defendant Continental Labor Resources, Inc. (Doc. No. 15.) Defendant Continental Labor Resources, Inc., however, has previously filed an answer in the

1

1  action. (Doc. No. 9.) Accordingly, plaintiff could not voluntarily dismiss under Federal Rule of
2  Civil Procedure 41(a)(1), but rather must voluntary dismiss under Rule 41(a)(2). Unlike a Rule
3  41(a)(1) notice of dismissal, a Rule 41(a)(2) motion for voluntary dismissal requires court
4  approval. *See* FED. R. CIV. P. 41(a); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir.
5  1997).

6  A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a
7  defendant can show that it will suffer some plain legal prejudice as a result. *Waller v. Fin. Corp.*
8  *of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679
9  F.2d 143, 145–46 (9th Cir. 1982). "Legal prejudice" means "prejudice to some legal interest,
10 some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97
11 (9th Cir. 1996). A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly
12 stated in that rule. However, a dismissal with prejudice so that claims cannot be reasserted in
13 another federal suit strengthens the conclusion that the dismissal causes no legal prejudice and is
14 not an abuse of discretion. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). In this
15 matter, defendant Continental Labor Resources, Inc. will suffer no discernable legal prejudice,
16 plaintiff represents that its claims against Continental Labor Resources, Inc. have settled, and
17 plaintiff furthermore requests that the dismissal be with prejudice. The court therefore finds that
18 dismissal of plaintiff's claims against defendant Continental Labor Resources, Inc. with prejudice
19 is appropriate. Accordingly, plaintiff's claims against defendant Continental Labor Resources,
20 Inc. are dismissed with prejudice and the Clerk of the Court is directed to terminate Continental
21 Labor Resources, Inc.'s status as a defendant in the action. However, this dismissal does not
22 affect Continental Labor Resources, Inc.'s status as a counter defendant in this action.

23 Additionally, on October 25, 2016, the court dismissed with prejudice the only other
24 named defendant in the action, C.L. Knox d/b/a Advanced Industrial Services, Inc. (Doc. No.
25 45.) The dismissal, however, did not affect C.L. Knox's status a counter claimant. (*Id.*) Because
26 all defendants in the underlying complaint have now been dismissed, counter claimant C.L. Knox
27 and counter defendant Continental Labor Resources, Inc. are directed to file a joint stipulation
28 dismissing the counterclaims if that is their intention or, alternatively, to show cause in writing

1 | within thirty days as to why C.L. Knox's counter claim against counter defendant Continental
2 | Labor Resources, Inc. (Doc. No. 6) should not now be dismissed.[1]

IT IS SO ORDERED.

Dated: **November 29, 2016**  _____
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that in C.L. Knox's counter claim against Continental Labor Resources, Inc. only equitable indemnity, implied indemnity, apportionment and contribution, and declaratory relief are sought. (Doc. No. 6.)